IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ABRAM OSEQUERA | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:09cv54 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Abram Osequera, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

Petitioner contests the validity of a prison disciplinary conviction he received on December 30, 2008 for possession of a cell phone. As a result of the disciplinary conviction, petitioner received the following punishment: (1) the loss of 365 days good conduct time and (2) 45 days recreation, commissary, and cell restriction.

Petitioner contends he is actually innocent of the charges against him, he was denied exculpatory evidence to show his innocence, he was denied due process, and prison officials failed to follow various prison policies.

## The Response

The respondent was ordered to show cause why relief should not be granted. The respondent filed an answer asserting that the petition should be dismissed because petitioner's claims are unexhausted and now procedurally barred.

## Analysis

*Exhaustion of Available Remedies*

A state prisoner must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254 (b) and (c). Texas state courts will not entertain habeas corpus challenges to prison disciplinary proceedings. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). However, a federal court may not grant habeas relief to a petitioner who has failed to exhaust all administrative remedies challenging a prison disciplinary proceeding. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir. 1980); *Rourke v. Thompson*, 11 F.3d 47, 49 at n.6 (5th Cir. 1993). Further, such a claim is procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Moffatt v. Director, TDCJ-CID,* 390 F.Supp.2d 560, 562-63 (E.D. Tex. 2005).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure which takes approximately 90 days to exhaust. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step one of the grievance procedure involves the prisoner submitting a grievance to the unit grievance coordinator. The unit grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a step one grievance is the warden or assistant warden.

Step two of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at TDCJ-CID headquarters. The division grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision maker for a step two grievance is the regional director or assistant director.

The respondent asserts that TDCJ records indicate petitioner filed neither a Step 1 nor Step 2 grievance appealing the outcome of the disciplinary hearing. While petitioner asserts that he filed a Step 1 grievance, he has neither alleged nor demonstrated he filed a Step 2 grievance to exhaust the administrative procedure. Further, petitioner has failed to show either cause or prejudice for failing to exhaust all available steps of the grievance procedure. Accordingly, the above-styled action should be dismissed for failing to exhaust administrative remedies.

## ORDER

For the reasons set forth above, this petition for writ of habeas corpus should be dismissed based on petitioner's failure to exhaust available administrative remedies. A final judgment will be entered in accordance with this memorandum.

**SIGNED** this the **2** day of **May, 2011.**

_____
Thad Heartfield
United States District Judge